UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
        Plaintiff

v.                                          NO. _____

$1,000,000.00 IN UNITED
STATES CURRENCY, SEIZED
FROM BANK OF AMERICA
ACCOUNT NO. 898012028525,
        Defendant

### ASSENTED-TO COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, with the assent of Troy Resources, Inc. ("Troy" or "Claimant"), by the undersigned attorneys, in a civil action of forfeiture pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Title 18, United States Code, Sections 981(a)(1)(A) and 984, states as follows:

    1.   This Court has subject matter and *in rem* jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is appropriate in this district pursuant to 28 U.S.C. § 1395. The Parties in their Settlement Agreement have assented to have a United States Magistrate Judge conduct all proceedings in this assented-to civil forfeiture case pursuant to 28 U.S.C. § 636(c), and the applicable Local Rules and Standing Orders of this Court.

    2.   The Defendant Property consists of the agreed amount of $1,000,000.00, together with any interest or other return actually earned on that $1,000,000.00 portion of certain United States funds, duly seized from a bank account at the Bank of

America in Miami, Florida, pursuant to a warrant issued in this district and executed at Bank of America on March 25, 2009, that is, $5,208,178.64 (the "Seized Funds") seized from Bank of America account number 898012028525, in the name of Rosemont V Corporation d/b/a Troy Resources Inc. (the "Subject Account").

3. The Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984 because it constitutes property involved in transactions or attempted transactions in violation of 18 U.S.C. § 1960, property traceable to such property, or fungible property that was found in the same account as the property involved in such transactions that had occurred within one year before the date of seizure.

4. Without admitting its own involvement in, contemporaneous awareness of, or liability for, any violations of law arising from or relating to the following facts, and for purposes of its Settlement Agreement with the United States and this Assented-To Complaint, which is an integral part of the Settlement, only, Claimant admits that the following facts are true:

    A. Rosemont V Corporation ("Rosemont V") was incorporated in Florida on or about January 18, 2008, and at all pertinent times, was on record with the state of Florida as existing and maintaining an office in Florida.

    B. On or about January 25, 2008, Rosemont V opened the

Subject Account at Bank of America in Miami, Florida. On or after September 24, 2008, Rosemont V caused the records of Bank of America to indicate that the Subject Account was held in the name of Rosemont V Corporation d/b/a Troy Resources, Inc. Troy asserts that it did not learn of the existence of Rosemont V Corporation, or learn that the Subject Account was held in the name of Rosemont V Corporation d/b/a Troy Resources, Inc., until after the seizure of funds from the Subject Account in March 2009.

C. Rosemont V used the Subject Account in the business of receiving wire transmissions of funds on behalf of persons other than Rosemont V from other accounts and locations inside and outside the United States, and transmitting funds by wire on behalf of persons other than Rosemont V to other accounts and locations inside and outside the United States.

D. The total amount of the funds involved in the wire transmissions so received and so transmitted through the Subject Account within the year prior to March 25, 2009, was at least $1,000,000.00.

E. Although Troy maintains that it was led to believe that the Subject Account was held by Rosemont P, which obtained a Florida money transmitting license effective June 9, 2008, and which registered itself as a money transmitting business with the Financial Crimes Enforcement Network ("FinCEN") on

or about November 10, 2008, no such Florida license was ever issued to Rosemont V, and Rosemont V was never registered as a money transmitting business with FinCEN.

F.  On March 25, 2009, the United States executed a seizure warrant issued by a United States Magistrate Judge of this District at a branch of Bank of America in Miami, Florida, authorizing seizure of all funds on deposit in the Subject Account.

G.  Pursuant to that seizure warrant, the Bank of America subsequently paid over to the United States the Seized Funds in the amount of $5,208,178.64 from the Subject Account. The Seized Funds were turned over to the United States Marshals Service ("USMS"), are being held by USMS in its Seized Asset Deposit Fund, and are subject to the jurisdiction and orders of this Court.

5.  Troy asserts that it is the beneficial owner of the funds seized from the Subject Account. Rosemont V Corporation, by its president, Diego Arnal, has disclaimed any interest in the Seized Funds.

6.  By virtue of the facts set forth herein, the Defendant Property is subject to forfeiture to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984 as property involved in transactions or attempted transactions in violation of 18 U.S.C. § 1960, property traceable to such property, or

4

fungible property that was found in the same account as the property involved in such transactions that had occurred within one year before the date of seizure.

7. The United States and Troy have agreed to waive any rights that they might otherwise have had to demand or receive discovery from each other under the Federal Rules of Civil Procedure, and jointly request that judgment of forfeiture be entered.

WHEREFORE, the United States of America prays, with the assent of Troy:

1. That a Warrant and Monition, in the form submitted herewith, be issued to the United States Marshal for the District of Massachusetts commanding him, pursuant to 18 U.S.C. § 983(a)(4) and Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, to retain custody of the Defendant Property and to give notice to any interested persons other than Troy to appear and show cause why the agreed forfeiture should not be decreed;

2. That judgment of forfeiture be decreed against the Defendant Property;

3. That thereafter the Defendant Property be disposed of according to law;

4. For costs and all other relief to which the United

States may be entitled; and

5. That, upon conclusion of this assented-to forfeiture, pursuant to the parties' Settlement Agreement, and particularly subject to Paragraphs 2 and 3 of that Agreement, the Court direct the United States Marshals Service to return the remainder of the Seized Funds, in the amount of $4,208,178.64, together with any interest or other return actually earned on that $4,208,178.64 portion of the Seized Funds, to Troy, through its attorneys.

Respectfully submitted,
CARMEN M. ORTIZ,
United States Attorney,

By: _____
Neil J. Gallagher
Richard L. Hoffman
Assistant U.S. Attorneys
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

JAMES MEADE
Acting Chief, Asset Forfeiture and
Money Laundering Section

By: _____
Scott Paccagnini
Trial Attorney
Asset Forfeiture and Money Laundering Section
United States Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
(202) 514-1263

Date: July 6, 2010

TROY RESOURCES, INC., BY ITS UNDERSIGNED COUNSEL, HEREBY ASSENTS TO THE FOREGOING COMPLAINT FOR FORFEITURE *IN REM*:

Troy Resources, Inc.
By its attorneys

_____
Rebekah J. Poston, Esq.
Squire, Sanders, Dempsey LLP
Suite 4000
200 South Biscayne Blvd.
Miami, FL  33131-2398
(305) 577-7022


Date: _6/14/10_____

Verification

I, Judy Cordier, Task Force Agent, United States Drug Enforcement Administration, state that I have read the foregoing Assented-To Complaint for Forfeiture *in Rem*, and that the contents thereof are true to the best of my knowledge, information, and belief.

*Judy Cordier*
Judy Cordier
Task Force Agent
Drug Enforcement Administration

Commonwealth of Massachusetts

Suffolk, ss.                                 Boston, Massachusetts

On this 6th day of July, 2010, before me, CAROL duPONT, the undersigned notary public, personally appeared Judy Cordier, proved to me through satisfactory evidence of identity, which was license, to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of her knowledge and belief.

*Carol duPont*
Notary Public

My commission expires: 11/10/11

CAROL E. duPONT
Notary Public
Commonwealth of Massachusetts
My Commission Expires
November 10, 2011