UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
    Plaintiff

v.                             NO. _____

$1,000,000.00 IN UNITED
STATES CURRENCY, SEIZED
FROM BANK OF AMERICA
ACCOUNT NO. 898012028525,
    Defendant

## SETTLEMENT AGREEMENT

The United States of America and Troy Resources, Inc. (collectively, the "Parties"), by their undersigned attorneys, set forth the following:

WHEREAS, on March 25, 2009, the United States executed a seizure warrant, issued by a United States Magistrate Judge in this district, at a branch of Bank of America in Miami, Florida, authorizing seizure of all funds on deposit in Bank of America account number 898012028525, in the name of Rosemont V Corporation d/b/a Troy Resources Inc. ("Account V-8525");

WHEREAS, pursuant to that seizure warrant, Bank of America subsequently paid over to the United States the sum of $5,208,178.64 seized from Account V-8525 (hereafter, the "Seized Funds");

WHEREAS, Troy Resources, Inc. ("Troy") asserts that it is the beneficial owner of the funds seized from Account V-8525;

WHEREAS, Diego Arnal, President of Rosemont V Corporation, on behalf of Rosemont V Corporation, has disclaimed any interest

in the Seized Funds;

WHEREAS, since the seizures, the Parties have engaged in settlement negotiations in the hope of resolving this matter without litigation, and have agreed on the resolution set forth in this Agreement, which the Parties believe is fair and just under all of the circumstances;

WHEREAS, the Parties' Agreement calls for forfeiture to the United States of $1,000,000.00, together with any interest or other return actually earned on that $1,000,000.00 portion of the Seized Funds, via an assented-to civil judicial forfeiture complaint, and release of the remaining $4,208,178.64, together with any interest or other return actually earned on that $4,208,178.64 portion of the Seized Funds, to Troy, through its attorneys; and

WHEREAS, the agreed forfeiture cannot be conducted by administrative process and requires court approval;

NOW THEREFORE, the Parties stipulate and agree as follows:

1.  Upon execution by the Parties, this Agreement and the Parties' Assented-To Complaint for Forfeiture *in Rem* (the "Complaint"), a copy of which is attached as Exhibit A to this Agreement, shall be filed with the Court. The Parties hereby assent to a United States Magistrate Judge's conducting all proceedings in this assented-to civil forfeiture case, including final disposition, pursuant to 28 U.S.C. § 636(c) and the

applicable Local Rules and Standing Orders of this Court. The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this Agreement.

    2.    Subject to the terms set forth in this Agreement and in the Final Judgment and Order of Forfeiture that the Parties will ask the Court to enter pursuant to the Complaint, the Parties agree that $1,000,000.00 of the Seized Funds, together with any interest or other return actually earned on that $1,000,000.00 portion of the Seized Funds, shall be forfeited to the United States of America. Within a reasonable time after entry of the proposed Final Judgment and Order of Forfeiture, the remainder of the Seized Funds, in the amount of $4,208,178.64, together with any interest or other return actually earned on that $4,208,178.64 portion of the Seized Funds, as calculated by the United States Marshals Service, shall be returned to Troy, through its attorneys, except as provided in Paragraph 3 below.

    3.    Troy hereby represents that it has previously and fully reimbursed all of its clients who might otherwise have attempted to claim any part of the Seized Funds, and that it is not aware that any such client intends to contest the proposed forfeiture. Troy agrees to indemnify the United States and to hold it harmless against any claims relating to any portion of the Seized Funds, including, without limitation, any claims contesting the

agreed forfeiture of $1,000,000.00 of the Seized Funds. If any claims are filed contesting the agreed forfeiture, Troy further agrees that the United States, in its discretion, may retain a sufficient additional portion of the Seized Funds to cover those claims and still ensure the final and uncontested forfeiture of the full agreed amount of $1,000,000.00 until such time as those claims are either finally rejected by the courts, including any appeal, or paid pursuant to court order from the retained Seized Funds. The waiver of appellate rights set forth in Paragraph 6 below does not prevent any of the Parties, in its discretion, from defending the agreed forfeiture on appeal against any such non-party claim, or contesting via appeal any court order to pay a non-party claim out of the Seized Funds.

4. Troy generally and unconditionally releases, indemnifies, and holds harmless the United States, and its officers, agents, employees, and representatives, both past and present, including, but not limited to, the United States Department of Justice, the United States Attorney's Office for the District of Massachusetts, the United States Drug Enforcement Administration, and the United States Marshals Service, as well as any other federal, state, county, or local law enforcement agencies whose personnel assisted, or will assist, in the seizure and detention of the Seized Funds, and the agreed forfeiture and return of portions of the Seized Funds as set forth herein, from

any and all civil claims, including, but not limited to, demands, damages, causes of action, or suits, of whatever kind and/or description and wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, the seizure and detention of the Seized Funds and the agreed forfeiture of a portion of the Seized Funds to the United States.

5. Without in any way limiting the scope of Paragraph 4, Troy specifically agrees to waive any and all constitutional claims that it may have arising from or relating in any way to the seizure and detention of the Seized Funds and the agreed forfeiture of a portion of the Seized Funds to the United States, including claims that the forfeiture violates the Fourth Amendment, the Due Process Clause or the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, or any other provision of federal or state constitutional, statutory or common law.

6. All rights of appeal as against each other with respect to the civil matters encompassed by this Agreement are hereby waived by all Parties. Each of the Parties shall bear its own costs, including attorneys fees and other expenses, incurred by it in connection with any of the proceedings pertaining directly or indirectly to these matters.

7. Troy agrees that nothing in this Settlement Agreement shall be construed to satisfy or offset any tax liability or any other debt that it may owe to the United States.

8. Troy hereby acknowledges that it is, and has been, represented by competent counsel in connection with the Settlement Agreement, that the provisions of this Settlement Agreement and the legal effects thereof have been explained to it, and that it is entering into this Settlement Agreement freely and voluntarily, without coercion, duress, or undue influence.

9. The Parties agree that the settlement of this matter upon the terms and conditions set forth herein is in full, final, and complete satisfaction of any and all civil claims arising out of the seizure and restraint of the Seized Funds by the United States, and the forfeiture of the agreed portion of the Seized Funds to the United States.

10. The parties agree that this Agreement shall not constitute an admission of any criminal liability, or of any civil liability beyond the consent to forfeiture set forth herein, on the part of Troy.

IN WITNESS WHEREOF, the United States of America, by its attorneys, and Troy, by its attorneys, hereby execute this Agreement. The execution may be by multiple signature pages, each of which shall constitute part of the Agreement.

CARMEN M. ORTIZ
United States Attorney,

By: _____
Neil J. Gallagher, Esq.
Richard L. Hoffman, Esq.
Assistant U.S. Attorneys
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3100

Date: July 6, 2010

JAMES MEADE
Acting Chief, Asset Forfeiture and
 Money Laundering Section

By: _____
Scott Paccagnini
Trial Attorney
Asset Forfeiture and Money Laundering Section
United States Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
(202) 514-1263

Date: July 6, 2010

TROY RESOURCES, INC.,
by its attorney, hereunto duly authorized by the
Corporate Resolutions and Power of Attorney that are
attached hereto, collectively, as Exhibit B, and which
undersigned counsel hereby attests are in full force
and effect as of the date of her signature below

_____
Rebekah J. Poston, Esq.
Squire, Sanders, Dempsey LLP
Suite 4000
200 South Biscayne Blvd.
Miami, FL  33131-2398
(305) 577-7022

Date: _____

# POWER OF ATTORNEY
# AND
# AUTHORIZATION TO ACT

The Settlement Agreement entered into between Troy Resources Inc. and the United States of America regarding Troy Resources Inc.'s bank account, number 898012028525, held at Bank of America, Troy Resources Inc. determines to be in the best interests of Troy Resources Inc.

Troy Resources Inc. hereby authorizes Squire, Sanders & Dempsey L.L.P. through its Partner, Rebekah J. Poston, to execute any and all required and necessary paperwork to consummate the terms and conditions set forth in this Settlement Agreement.

Signed this 23 day of June, 2010.

TROY RESOURCES INC.

_____
Jose E. Silva
President

_____
Dianeth M. De Ospino
Secretary

MIAMI/4255497.1

## BOARD RESOLUTION

Adopted by the managing Directors/Officers of **TROY RESOURCES INC.**, a company established and organized under the laws of Panama ("the Company"), with its registered office at Panama and duly registered at Fiche 626798, Document 1395205, since July 30, 2008;

---

WHEREAS negotiations with the U.S. Department of Justice in relation to certain funds seized in the Company's bank account, number 898012028525 held at the Bank of America have to be settled;

WHEREAS the Company and the United States of America engaged in settlement negotiations in order to resolve the aforementioned matter;

WHEREAS the Company and the United States of America agrees to enter into a Settlement Agreement for forfeiture to the United States of US$ 1,000,000.00, together with any interest or other return actually earned on that US$ 1,000,000.00 portion of the seized funds, via an assented-to civil judicial forfeiture complaint, and release of the remaining US$ 4,208,178.64, together with any interest or other return actually earned on the US$ 4,208,178.64 portion of the seized funds, to the Company, through its attorneys;

WHEREAS the agreed forfeiture cannot be conducted by administrative process and requires court approval, the Company agrees that upon execution of the Settlement Agreement, this Agreement and the Parties´ Assented-to Complaint for Forfeiture in *Rem* shall be filed with the Court, the United States District Court for the District of Massachusetts;

WHEREAS it has been proposed to authorize and appoint Squire, Sanders & Dempsey L.L.P through its Partner, Rebekah J. Poston, to execute any and all required and necessary paperwork to consummate the terms and conditions set forth in this Settlement Agreement;

WHEREAS it is in the best interest of the Company to settle this matter as described above;

It is hereby RESOLVED the following:

> that the Company and the United States of America enter into a Settlement Agreement for forfeiture to the United States of US$1,000,000.00, together with any interest or other return actually earned on that US$ 1,000,000.00 portion of the seized funds, via an assented-to civil judicial forfeiture complaint, and release of the remaining US$ 4,208,178.64, together with

any interest or other return actually earned on the US$ 4,208,178.64 portion of the seized funds, to the Company, through its attorneys;

that to agree that upon the execution of the Settlement Agreement, this Agreement and the Parties´ Assented-to Complaint for Forfeiture in *Rem* shall be filed with the Court, the United States District Court for the District of Massachusetts;

to authorize and appoint Squire, Sanders & Dempsey L.L.P through its Partner, Rebekah J. Poston, to execute any and all required and necessary paperwork to consummate the terms and conditions set forth in this Settlement Agreement.

Signed this 23th day of June 2010 bye the managing Director of the Company

**TROY RESOURCES INC.**
By: it's managing Director s/Officers

_____
JOSE E. SILVA
President/Director

_____
DIANETH M. DE OSPINO
Secretary/Director

_____
MARTA SAAVEDRA
Treasurer/Director



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
    Plaintiff

v.                                         NO. _____

$1,000,000.00 IN UNITED
STATES CURRENCY, SEIZED
FROM BANK OF AMERICA
ACCOUNT NO. 898012028525,
    Defendant

### ASSENTED-TO COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, with the assent of Troy Resources, Inc. ("Troy" or "Claimant"), by the undersigned attorneys, in a civil action of forfeiture pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Title 18, United States Code, Sections 981(a)(1)(A) and 984, states as follows:

1.   This Court has subject matter and *in rem* jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is appropriate in this district pursuant to 28 U.S.C. § 1395. The Parties in their Settlement Agreement have assented to have a United States Magistrate Judge conduct all proceedings in this assented-to civil forfeiture case pursuant to 28 U.S.C. § 636(c), and the applicable Local Rules and Standing Orders of this Court.

2.   The Defendant Property consists of the agreed amount of $1,000,000.00, together with any interest or other return actually earned on that $1,000,000.00 portion of certain United States funds, duly seized from a bank account at the Bank of

America in Miami, Florida, pursuant to a warrant issued in this district and executed at Bank of America on March 25, 2009, that is, $5,208,178.64 (the "Seized Funds") seized from Bank of America account number 898012028525, in the name of Rosemont V Corporation d/b/a Troy Resources Inc. (the "Subject Account").

3. The Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984 because it constitutes property involved in transactions or attempted transactions in violation of 18 U.S.C. § 1960, property traceable to such property, or fungible property that was found in the same account as the property involved in such transactions that had occurred within one year before the date of seizure.

4. Without admitting its own involvement in, contemporaneous awareness of, or liability for, any violations of law arising from or relating to the following facts, and for purposes of its Settlement Agreement with the United States and this Assented-To Complaint, which is an integral part of the Settlement, only, Claimant admits that the following facts are true:

   A. Rosemont V Corporation ("Rosemont V") was incorporated in Florida on or about January 18, 2008, and at all pertinent times, was on record with the state of Florida as existing and maintaining an office in Florida.

   B. On or about January 25, 2008, Rosemont V opened the

2

Subject Account at Bank of America in Miami, Florida. On or after September 24, 2008, Rosemont V caused the records of Bank of America to indicate that the Subject Account was held in the name of Rosemont V Corporation d/b/a Troy Resources, Inc. Troy asserts that it did not learn of the existence of Rosemont V Corporation, or learn that the Subject Account was held in the name of Rosemont V Corporation d/b/a Troy Resources, Inc., until after the seizure of funds from the Subject Account in March 2009.

C.   Rosemont V used the Subject Account in the business of receiving wire transmissions of funds on behalf of persons other than Rosemont V from other accounts and locations inside and outside the United States, and transmitting funds by wire on behalf of persons other than Rosemont V to other accounts and locations inside and outside the United States.

D.   The total amount of the funds involved in the wire transmissions so received and so transmitted through the Subject Account within the year prior to March 25, 2009, was at least $1,000,000.00.

E.   Although Troy maintains that it was led to believe that the Subject Account was held by Rosemont P, which obtained a Florida money transmitting license effective June 9, 2008, and which registered itself as a money transmitting business with the Financial Crimes Enforcement Network ("FinCEN") on

3

or about November 10, 2008, no such Florida license was ever issued to Rosemont V, and Rosemont V was never registered as a money transmitting business with FinCEN.

F. On March 25, 2009, the United States executed a seizure warrant issued by a United States Magistrate Judge of this District at a branch of Bank of America in Miami, Florida, authorizing seizure of all funds on deposit in the Subject Account.

G. Pursuant to that seizure warrant, the Bank of America subsequently paid over to the United States the Seized Funds in the amount of $5,208,178.64 from the Subject Account. The Seized Funds were turned over to the United States Marshals Service ("USMS"), are being held by USMS in its Seized Asset Deposit Fund, and are subject to the jurisdiction and orders of this Court.

5. Troy asserts that it is the beneficial owner of the funds seized from the Subject Account. Rosemont V Corporation, by its president, Diego Arnal, has disclaimed any interest in the Seized Funds.

6. By virtue of the facts set forth herein, the Defendant Property is subject to forfeiture to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984 as property involved in transactions or attempted transactions in violation of 18 U.S.C. § 1960, property traceable to such property, or

fungible property that was found in the same account as the property involved in such transactions that had occurred within one year before the date of seizure.

7. The United States and Troy have agreed to waive any rights that they might otherwise have had to demand or receive discovery from each other under the Federal Rules of Civil Procedure, and jointly request that judgment of forfeiture be entered.

WHEREFORE, the United States of America prays, with the assent of Troy:

1. That a Warrant and Monition, in the form submitted herewith, be issued to the United States Marshal for the District of Massachusetts commanding him, pursuant to 18 U.S.C. § 983(a)(4) and Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, to retain custody of the Defendant Property and to give notice to any interested persons other than Troy to appear and show cause why the agreed forfeiture should not be decreed;

2. That judgment of forfeiture be decreed against the Defendant Property;

3. That thereafter the Defendant Property be disposed of according to law;

4. For costs and all other relief to which the United

States may be entitled; and

5. That, upon conclusion of this assented-to forfeiture, pursuant to the parties' Settlement Agreement, and particularly subject to Paragraphs 2 and 3 of that Agreement, the Court direct the United States Marshals Service to return the remainder of the Seized Funds, in the amount of $4,208,178.64, together with any interest or other return actually earned on that $4,208,178.64 portion of the Seized Funds, to Troy, through its attorneys.

Respectfully submitted,
CARMEN M. ORTIZ,
United States Attorney,

By: _____
Neil J. Gallagher
Richard L. Hoffman
Assistant U.S. Attorneys
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

JAMES MEADE
Acting Chief, Asset Forfeiture and
Money Laundering Section

By: _____
Scott Paccagnini
Trial Attorney
Asset Forfeiture and Money Laundering Section
United States Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
(202) 514-1263

Date: July 6, 2010

TROY RESOURCES, INC., BY ITS UNDERSIGNED COUNSEL, HEREBY
ASSENTS TO THE FOREGOING COMPLAINT FOR FORFEITURE *IN REM*:

Troy Resources, Inc.
By its attorneys

_____
Rebekah J. Poston, Esq.
Squire, Sanders, Dempsey LLP
Suite 4000
200 South Biscayne Blvd.
Miami, FL  33131-2398
(305) 577-7022

Date: _6/14/10_____

Verification

    I, Judy Cordier, Task Force Agent, United States Drug Enforcement Administration, state that I have read the foregoing Assented-To Complaint for Forfeiture *in Rem*, and that the contents thereof are true to the best of my knowledge, information, and belief.

                                /s/ Judy Cordier
                                Judy Cordier
                                Task Force Agent
                                Drug Enforcement Administration

                        Commonwealth of Massachusetts

Suffolk, ss.                              Boston, Massachusetts

    On this 6th day of July, 2010, before me, CAROL duPONT, the undersigned notary public, personally appeared Judy Cordier, proved to me through satisfactory evidence of identity, which was *license*, to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of her knowledge and belief.

                                /s/ Carol duPont
                                Notary Public

My commission expires: 11/10/11

CAROL E. duPONT
Notary Public
Commonwealth of Massachusetts
My Commission Expires
November 10, 2011

8